in or about May 2016, in the Southern District of New York and elsewhere, ROBERT DEBELLO, a/k/a "Old Man," a/k/a "Bobby," a/k/a "Grandpa," STEVEN PASTORE, RYAN ELLIS, a/k/a "Joseph Princi," a/k/a "Baldy," a/k/a "Lazy Eye," a/k/a "Zeus," SALVATORE DELLIGATTI, a/k/a "Jay," a/k/a "Fat Sal," and LUIGI CAMINITI, the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described above, namely, the Genovese Organized Crime Family, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Genovese Organized Crime Family through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), as set forth in Paragraph 13 below, and through the collection of unlawful debt, as defined in Title 18, United States Code, Section 1961(6), as set forth in Paragraph 15 below.

    13. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendants and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise, consisted of multiple:

a. Acts and threats involving murder, in violation of New York State Penal Law, Sections 105.15, 20.00, 110.00, and 125.25;

b. Acts and threats involving extortion, in violation of New York State Penal Law, Sections 155.40, 105.10, and 110.00;

c. Acts indictable under Title 18, United States Code, Section 1951 (relating to extortion);

d. Acts involving gambling, in violation of New York State Penal Law, Section 225.10;

e. Acts indictable under Title 18, United States Code, Section 1955 (relating to the prohibition of illegal gambling businesses); and

f. Acts indictable under Title 18, United States Code, Section 1084 (relating to the transmission of gambling information).

14. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

15. The collection of unlawful debt through which the defendants and their coconspirators agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise, consisted of the collection from various individuals of unlawful debts, as that term is defined by Title

18, United States Code, Section 1961(6), that is: (a) debts which were incurred and contracted in gambling activity and which were incurred in connection with the business of gambling, which activity and business were in violation of the laws of the United States and the State of New York; and (b) debts which were unenforceable under New York state law in whole or in part as to principal and interest because of the laws relating to usury, and which were incurred in connection with the business of lending money at a rate usurious under New York state law.

  16. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least one collection of unlawful debt in the conduct of the affairs of the Enterprise.

### Overt Acts

  17. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York or elsewhere:

  a. In or about 2012, ROBERT DEBELLO, a/k/a "Old Man," a/k/a "Bobby," a/k/a "Grandpa," and RYAN ELLIS, a/k/a "Joseph Princi," a/k/a "Baldy," a/k/a "Lazy Eye," a/k/a "Zeus," the defendants, participated in the collection of debt from a victim ("Victim-1"), which debt violated the New York state laws on usury.

  b. In or about the summer of 2013, ELLIS and LUIGI CAMINITI, the defendants, conspired to assault a bettor in the gambling operation ("Victim-2").

    c. From in or about April 2014 up to and including in or about May 2014, DEBELLO, ELLIS, and SALVATORE DELLIGATTI, a/k/a "Jay," a/k/a "Fat Sal," the defendants, conspired to extort a nightclub in Queens, New York.

    d. From in or about 2008 up to and including in or about January 2016, DEBELLO participated in the collection of debts from a victim ("Victim-3"), which debts violated the New York state laws on usury.

    (Title 18, United States Code, Section 1962(d).)

## COUNT TWO

### (Conspiracy to Murder in Aid of Racketeering)

    The Grand Jury further charges:

    18. At all times relevant to this Indictment, the Genovese Organized Crime Family, as described in paragraphs 1 through 11 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

19. At all times relevant to this Indictment, the Genovese Organized Crime Family, through its members and associates, knowingly engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and extortion in violation of the New York Penal Law, acts involving the operation of an illegal gambling business in violation of New York Penal Law Section 225.10, and acts indictable under Title 18, United States Code, Section 1951 (relating to extortion), Title 18, United States Code, Section 1955 (relating to the prohibition of illegal gambling businesses), and Title 18, United States Code, Section 1084 (relating to the transmission of gambling information).

20. From at least in or about May 2014, up to and including in or about June 2014, in the Southern District of New York and elsewhere, ROBERT DEBELLO, a/k/a "Old Man," a/k/a "Bobby," a/k/a "Grandpa," RYAN ELLIS, a/k/a "Joseph Princi," a/k/a "Baldy," a/k/a "Lazy Eye," a/k/a "Zeus," and SALVATORE DELLIGATTI, a/k/a "Jay," a/k/a "Fat Sal," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Genovese Organized Crime Family, and for the purpose of gaining entrance to and maintaining and increasing position in the Genovese Organized Crime Family, an enterprise engaged in racketeering activity, as described above, willfully and knowingly

15