Vivian Shevitz
Attorney at Law
46 Truesdale Lake Drive
South Salem, New York 10590
914-763-2122
vivian@shevitzlaw.com

June 12, 2018

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  United States v. Steven Pastore- 15cr491(KBF)
              Pre-sentencing request for information

Dear Judge Forrest:

    I write in anticipation of Steven Pastore's sentence.  Your Honor rescheduled Mr. Pastore's sentencing from June 8, 2018, to the now-scheduled date of June 18th.  In the interim, the government has made forfeiture demands that did not appear in its sentencing papers or in the Presentence Report.  We need some guidance.

    As the Court is probably aware from the sentencing submissions, Mr. Pastore is a man of limited assets.  He was a plumber for 35 years, until he became completely disabled in 2009.  Other than a small amount in his family checking account his only assets are his (pre-offense) 401k retirement plan and the family's modest home.

    As the sentencing submissions reveal, Mr. Pastore receives – and his family lives on – a Social Security disability payments of $2,200/ month, and an additional $2,200 / month from his Union as a disability payment.  Mrs. Pastore does not work outside of the home and devotes much of her time caring for their severely autistic son Bobby. There is nothing else.

1

We have been trying to settle a potential forfeiture issue with the government. While Mr. Pastore agreed to forfeit any forfeitable proceeds, we believe that the government has not and is not able to support any claim to forfeitable "proceeds".

We have pointed out that last year, the Supreme Court upended years of forfeiture understandings, by which Courts had erroneously charged co-defendants with "full" joint and several forfeitures. In *United States v. Honeycutt*, 137 S.Ct. 1626 (2017), the Court ruled that a defendant is liable only to the extent that defendant personally obtained/ received specific traceable tainted proceeds.

Notwithstanding, the government has claimed that Mr. Pastore should be responsible for all the "proceeds" of this gambling operation (however the government defines "the operation"). The prosecutor cites cases that held (prior to Honeycutt) that forfeiture law requires forfeiture of gross proceeds, not net proceeds. However, that is not the gist of the objection to forfeiture that we raised.

After *Honeycutt*, the government must first trace actual proceeds into the hands of a criminal defendant, on an individual basis. There, the Court dealt with the drug forfeiture statute to reach the conclusion that there is no joint and several forfeiture.

While the gambling-operation statute provides for forfeiture in a different way, Mr. Pastore did not plead guilty to a gambling offense. Instead, as the government required, Mr. Pastore pled guilty to a RICO offense, with Guideline levels higher than those that apply to a gambling offense. The RICO statute's forfeiture provision is the same as the statute interpreted in *Honeycutt*.

Thus, in anticipation of this sentencing proceeding, we have asked the government to specify exactly how much Mr. Pastore allegedly "obtained" by way of "proceeds"; we asked that the government identify names of witnesses who claim they actually delivered proceeds to Mr. Pastore, the date, and the amount. It has not done so.

It has pointed us to some conversations in which a runner may have stated to someone that he *owed* money, or that he had "lost" money, or that he had to pay "the guy" (interpreted by the government to refer to Mr. Pastore). Despite speculation that, at a meeting, the runner may have handed proceeds to Mr. Pastore, in fact it has provided *no* evidence of any actual payment made *to* Mr. Pastore, and in the discovery material we have found none.

The government wrote that it disagrees with our reading of *Honeycutt* and states that *Honeycutt* "does not bar forfeiture from someone in Mr. Pastore' position within the gambling operation." The prosecutor insists on a hearing unless Mr. Pastore agrees to pay a forfeiture of $50,000. (The prosecutor rejected Mr. Pastore's offer to forfeit $20,000 to resolve the matter without a hearing – an amount that, given his family circumstances, would deeply affect the family's ability to survive).

We ask the Court for guidance at this time, either by way of a ruling that *Honeycutt* <u>does</u> "bar forfeiture from someone in Mr. Pastore's position" unless proceeds are traced to him. To the extent the government intends to go forward with a hearing to trace proceeds, we ask the Court to require the government to identify payments to Mr. Pastore so that we can defend. While other penalties of course apply in this case as in all criminal cases, after *Honeycutt*, the government can no longer rely on the pre-*Honeycutt* cases that approved joint and several forfeiture.

We have also asked the government to consider the Eighth Amendment implications of requiring Mr. Pastore, who does not have assets such as the government believes the "gambling operation" made, to pay moneys which he and his family do not have.

                                        Very truly yours,
                                        /s/
                                        Vivian Shevitz

Larry J. Silverman, of counsel