Vivian Shevitz
Attorney at Law
46 Truesdale Lake Drive
South Salem, New York 10590
914-763-2122
vivian@shevitzlaw.com

July 20, 2018

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  United States v. Steven Pastore- 15cr491(KBF)
> -Request to file this supplement to submission as
> to legal forfeiture standards.

Dear Judge Forrest:

I ask the Court to allow this supplement to Mr. Pastore's submissions concerning forfeiture standards.  My conversations with the government concerning its intentions prompt this supplement so that, when the government responds by July 27, 2018, as ordered, it can respond to these Constitutional and evidentiary concerns as well.

Specifically, it is our position that issues of fact concerning the "amount" of forfeiture, including the relationship of allegedly forfeitable property to the offense, must be proved by the government beyond a reasonable doubt and submitted to a jury.   *See generally* Brynn Applebaum, Criminal Asset Forfeiture and the Sixth Amendment After *Southern Union* and *Alleyne:*  State-Level Ramifications, 68 Vanderbilt L.Rev. 2:549 (2015).

In *Libretti v. United States*, 516 U.S. 29, 49 (1995), the Supreme Court held that there is no constitutional right to a "jury verdict on forfeitability" in a criminal proceeding, the Court, since then, has

1

expanded Sixth Amendment protections to the extent that *Libretti* – a guilty plea case with a stipulated forfeiture -- cannot be squared with the Constitution when a defendant *disputes* the forfeitability of his property.

We are aware that, in *United States v. Stevenson,* 834 F.3d 80 (2d Cir. 2016), a panel of the Court held that *Libretti* remained good law. However, we believe that decisions since that time indicate that in the near term, *Libretti* will be overruled.

We cannot say it better than the author of the Vanderbilt Law Review, who summarizes the "moving" law in this area.  Read without the "anchor" of *Libretti*, the decisions in *Apprendi* and it progeny, *Southern Union,* and *Alleyne* – as well as decisions like *Honeycutt* and *Kokesh* -- all suggest that a defendant facing a criminal penalty where, without fact finding, there is *no* forfeiture, must be given a jury trial with findings made beyond a reasonable doubt.  "[W]when a jury determines criminal asset forfeiture, it should do so only if there is no reasonable doubt regarding (i) the existence of a nexus between the assets sought and the underlying criminal activity and (ii) the property and amount to be forfeited. *Apprendi* articulated this standard of proof, and the Court's development of this sentencing rule has reinforced it. Requiring any lesser burden of proof (such as preponderance of the evidence) would deny defendants due process protection and violate the Sixth Amendment."  Vanderbilt Law Rev., p. 571-572 & n.131 (citing *Alleyne v. United* States, 133 S.Ct. 2151, 2158 (2013); *Ring v.* Arizona, 536 U.S. 584, 585–86, 603 (2002) (*citing* [in turn] *Apprendi v. New Jersey*, 530 U.S. 466, 483):

> If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. A defendant may not be "expose[d] . . . to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone. [*Apprendi*, 530 U.S. at 489].

In this case, questions of fact – and law – will abound if the government presents the case it has suggested to us.  For instance, the government – citing its burden as a "preponderance" standard – suggests that the Court could find a certain amount forfeitable based on a statement of a runner to a third party that he "intended" to give Mr. Pastore some thousands of dollars.  We suggest that an intention to pay $X,000 dollars does not equate with an actual payment, even under a preponderance standard.

Given *Honeycutt*'s holding that only those funds actually acquired by a defendant are forfeitable – and only if they are actually traceable proceeds – we suggest that no one should find that such funds that a runner (who is shown to have lied about gambling debts and intentions to pay) *actually* paid over the amount he stated he was going to pay.  As we discussed in the June 26, 2018 submissions, runner/witnesses Sowulski and Jacobson did not have a good track record for truthfully reporting what they owed or what they paid.

Moreover, and importantly here, even if a runner *did* had money to Mr. Pastore – a conclusion that is not corroborated by any reliable evidence, as far as we can tell – that would not establish that the funds were traceable gambling business "proceeds."  The government may think it can prove that payments were made, but it does not show that the payments consisted of proceeds from bettors, as opposed to what may be characterized as "unlawful debts."  18 U.S.C. 1961(6) (debt incurred in connection with illegal gambling, or in the business of lending money at a usurious rate.)  Obtaining payment on an unlawful debt does not equate with obtaining gambling business "proceeds", and Mr. Pastore was not charged with or convicted of collecting unlawful debts.  *See also United States v. Santos*, 553 U.S. 507 (2008) (dealing with definition of "proceeds" in a gambling business for purposes of the money laundering statute, and identifying the fact that there are many types of payments back and forth).

The Court should hold that the government cannot prove its right to forfeiture if it does not show that defendant actually acquired proceeds from bettors, and it should hold that a jury trial is required

with proof beyond a reasonable doubt before any forfeiture can be ordered.

Finally, we ask the Court to inform us whether the actual sentencing will go forward on August 8, 2018.  The reason we ask is that, if and when the sentencing occurs, Mr. Pastore's wife and children would like to attend.  To do so, they will have to arrange for someone responsible to stay with the Pastores' autistic son, Bobby.


Very truly yours,
/s/
Vivian Shevitz

Larry J. Silverman, of counsel

4